RICHARDSON COUNTY, PLAINTIFF IN ERROR, v. PHILIP MEYER, DEFENDANT IN ERROR.

County: LIABILITY FOR MONEY PAID TREASURER.  A county treasurer is to hold money received for the redemption of lands sold at tax sale subject to the order of the purchaser, his agent or attorney, and the county is not liable for such funds unless they have been paid into the county treasury.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*W. S. Stretch,* for plaintiff in error.

*C. Gillespie* and *George P. Uhl,* for defendant in error.

MAXWELL, CH. J.

This is an action to recover the excess over 12 per cent paid by the defendant in error to the treasurer of Richardson county, for the redemption of certain real estate from a pretended sale for taxes.   The petition alleges that from the year 1870 to 1877, the plaintiff (defendant in error) was the owner of the south-east quarter and the east three-quarters of the south-west quarter of sec. 25, town 2, range 16 east, in Richard-

son county, and that the taxes levied against the same for the year 1871 amounted to the sum of $62.00; for the year 1872 the sum of $48.07; for the year 1873 the sum of $44.77; that on the 7th day of September, 1874, the treasurer of said county pretended to sell said land to one S. B. Miles for the above named taxes; that Miles denied purchasing said land, and refused to pay said taxes, whereupon the commissioners of said county in the year 1875 commenced an action against him to recover the same together with a large amount of other taxes; that said action was litigated until Feb. 22, 1881, when said commissioners dismissed the same; that while said action was pending, to-wit: on the 9th day of May, 1877, the plaintiff desiring to pay all taxes due on said land was compelled to pay the sum of $160.84 more than 12 per cent interest to redeem the same, to-wit the sum of $393.12, the amount lawfully due thereon, being the sum of $232.28; that said excess was paid under protest; that said treasurer in computing the amount to redeem said land, reckoned the interest at forty per cent per annum for two years from the date of said pretended sale, and at twelve per cent thereafter, and also added the penalty and other fees allowed by law; that on the 22d day of February, 1881, the plaintiff presented his account above set forth to the county commissioners of said county, who rejected the same. The county commissioners demurred to the petition upon the ground that the facts stated therein were not sufficient to entitle the plaintiff to recover against the county. The demurrer was overruled and judgment entered against the county for the sum of $159.30. The case is brought into this court by petition in error.

Sec. 66 of the revenue law (Gen. Stat. 922) provides "that the treasurer shall enter a memorandum of the redemption in the list of sales, and give a receipt

therefor to the person redeeming the same, for which he may charge a fee of fifty cents, and shall hold the redemption money paid, subject to the order of the purchaser, his agent, or attorney," etc. The county is not primarily liable for money paid to the treasurer for the redemption of lands sold at tax sale. Such moneys are to be paid to the purchaser, his agent, or attorney, and no warrant of the county commissioners is necessary for its repayment where it is not paid into the county treasury. *Eaton v. Cass County, ante.* p. 229. When, however, a treasurer on retiring from office, in his settlement with the county commissioners accounts for such funds and they are paid into the county treasury, justice requires that they should be paid to the party entitled to the same. But the petition in this case fails to allege that the amount claimed, or any part of it, has ever been paid into the county treasury. This is a material allegation where it is sought to make the county liable. The petition therefore fails to state a cause of action against the county. The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.